IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERENCE STEWART <br> (Dallas Cty. Jail Bookin No. 16061267), <br><br> Plaintiff, <br><br> V. <br><br> LOREN COLLINS AND FAY JOHNSON, <br><br> Defendant. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | No. 3:17-cv-69-G-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This *pro se* action under 42 U.S.C. § 1983, filed by Plaintiff Terence Stewart, a pretrial detainee at the Dallas County Jail, has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior Judge A. Joe Fish. The undersigned issues the following findings of fact, conclusions of law, and recommendation that, for the reasons stated below, the Court should summarily dismiss this action with prejudice.

**Applicable Background**

On December 28, 2016, a Dallas County grand jury indicted Stewart for assault of a public servant, based on his alleged striking of a Parkland Hospital emergency room nurse on July 14, 2016. *See State v. Stewart*, F16-44807 (195th Dist. Ct., Dallas Cty., Tex.). Through his civil rights complaint, Stewart requests that this Court direct that "Public Defender Loren Collins and the Dallas County District Attorney Fay [sic]

-1-

Johnson dismiss [his] assault [prosecution]" and award Stewart nominal damages. Dkt. No. 3 at 4.

## Legal Standards

A district court is required to screen a civil action brought by a prisoner – whether he is incarcerated or instead detained prior to trial – seeking relief from a governmental entity or employee. *See* 28 U.S.C. §§ 1915A(a), (c). On initial screening, the Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, that:

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

*Id.* § 1915A(b). Analogously, under 28 U.S.C. § 1915(e)(2)(B), also applicable here, a district court may summarily dismiss any complaint filed *in forma pauperis* – not limited to complaints filed by prisoners seeking relief from a governmental entity or employee – for the same reasons.

An action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law."). And a complaint is without an arguable basis in law if it is grounded upon an untenable, discredited, or indisputably meritless legal theory, including alleged violations of a legal interest that clearly does not exist. *See Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

The Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while the Court must accept all of a plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*; *see also Kinney v. Shannon*, 630 F. App'x 258, 261

(5th Cir. 2015) (per curiam) ("[T]he district court does not have to accept conclusory or speculative allegations." (citing *Coleman v. Sweetin*, 745 F.3d (5th Cir. 2014); *Gross v. Normand*, 576 F. App'x 318, 319 (5th Cir. 2014) (per curiam))).

Said simply, to survive dismissal under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that a plaintiff contends entitle him to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *cf. N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) ("To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." (footnote and internal quotation marks omitted)).

While a district court generally affords a *pro se* complainant an opportunity to amend before dismissing for failure to state a claim, *see Gregory v. McKennon*, 430 F. App'x 306, 308 (5th Cir. 2011) (per curiam) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)), a court also may dismiss a prisoner's civil rights complaint as frivolous based on the complaint and exhibits alone, *see Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986); *see also Tinsley v. C.I.R.*, 958 F. Supp. 277, 279 (N.D. Tex. 1997) ("District courts are vested with especially broad discretion in making the determination of whether an IFP [*in forma pauperis*] proceeding is frivolous." (quoting

*Green*, 788 F.2d at 1119)); *accord Lewis v. Sec'y of Pub. Safety & Corrs.*, 508 F. App'x 341, 344 (5th Cir. 2013) (per curiam).

## Analysis

Liberally construed, the relief that Stewart seeks, that this Court compel officials to perform in a certain manner, falls under the federal mandamus statute: 28 U.S.C. § 1361, which provides "district courts [with] original jurisdiction of any action in the nature of mandamus to compel an officer or agency of the United States or any agency thereof to perform a duty owed to the plaintiff." *Id.*

> Although the federal writ of mandamus technically has been abolished, the court has the power to compel a federal officer to perform a duty under 28 U.S.C. § 1361. *Arnold v. Blast Intermediate Unit 17*, 843 F.2d 122, 125 n.4 (3d Cir. 1988). Statutory mandamus, like its common-law predecessor, is "intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984).

*Brown v. Beard*, No. 4:CV-09-0136, 2009 WL 498630, at *2 (M.D. Penn. Feb. 25, 2009).

It is clear, however, that this Court may not use the federal mandamus statute in the manner that Stewart requests – to compel state officials to act – because "[f]ederal courts lack the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties." *Moore v. 204th Dist. Ct.*, No. 3:08-cv-2281-D, 2009 WL 3150983, at *3 (N.D. Tex. Sept. 29, 2009) (citing *Moye v. Clerk, Dekalb Cnty. Sup.Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973).

As this Court has observed, it "may not mandate plaintiff's state criminal action out of the control of the State and its prosecutor." *Ruston v. Hill*, No. 3:01-cv-2087-H,

2002 WL 32359948, at *3 (N.D. Tex. Sept. 26, 2002) (internal quotation marks omitted); *see also George v. Harson*, Civ. A. No. 07-1270, 2007 WL 4896419, at *2 (W.D. La. Oct. 17, 2007) ("[T]o the extent that plaintiff seeks to invoke the mandamus jurisdiction of this court, such a claim is likewise subject to dismissal as frivolous.... Judge Duplantier, District Attorney Harson, Assistant District Attorney Edwards and Public Defender Thibodeaux are not officers or employees of the United States. Plaintiff is clearly not entitled to mandamus.").

## Recommendation

The Court should summarily dismiss this action with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 10, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE